**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

THIAGO CARLOS MIRANDA,

Plaintiff,

v.

DENIS RIORDAN, Field Director, United States Citizenship and Immigration Services;

ROSE KENDRICK, Acting Director, National Benefits Center at United States Citizenship and Immigration Services;

JOSEPH EDLOW, Director, United States Citizenship and Immigration Services;

KRISTI NOEM, U.S. Secretary of Homeland Security;

PAMELA BONDI, Attorney General of the United States;

Defendants.

Case No. 1:26-cv-11514

**COMPLAINT FOR WRIT OF MANDAMUS**

Plaintiff, by and through undersigned counsel, brings this action for a writ of mandamus under 28 U.S.C. § 1361, compelling Defendants to adjudicate Plaintiff's pending Application to Register Permanent Residence or Adjust Status ("Form I-485"). In support, Plaintiff alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1361 (mandamus jurisdiction).

2. Venue is proper in this District under 28 U.S.C. § 1391(e) because Plaintiff resides in this District and this action is against officers and agencies of the United States acting in their official capacities

## II. PARTIES

3. Plaintiff, Thiago Carlos Miranda, is a native and citizen of Brazil, currently residing in Norwood, MA 02062, within the jurisdiction of this Court.

4. Defendant, Denis Riordan, is District Director of the United States Citizenship and Immigration Services ("USCIS") and is sued in his official capacity.

5. Defendant, Rose Kendrick, is the Acting Director of the USCIS National Benefits Center and is sued in her official capacity.

6. Defendant, Joseph Edlow, is the Director of USCIS and is sued in his official capacity.

7. Defendant, Markwayne Mullin, is the United States Secretary of Homeland Security and is sued in his official capacity.

8. Defendant, Pamela Bondi, is the Attorney General of the United States and is sued in her official capacity.

## III. FACTS

9. On or about January 11, 2021, Plaintiff filed a Petition for Amerasian, Widow(er), or Special Immigrant ("Form I-360"). On or about July 28, 2022, Plaintiff's Form I-1360 was approved. An Amended Approval Notice for Plaintiff's I-360 was issued on or about April 18, 2023. On both the July 28, 2022 Approval Notice and the April 18, 2023 Amended Approval Notice, Plaintiff's Priority date for his I-485 is June 17, 2021.

10. On or about February 10, 2023, Plaintiff filed an Application to Register Permanent Residence or Adjust Status ("Form I-485"), with a receipt number of MSC2390310211, based on the Approved I-360.

11. The United States Department of State's Visa Bulletin for February 2023 stated that, for the employment-based fourth preference category ("EB4"), representing "Certain Special

Immigrants" and the category under which Special Immigrant Juveniles are classified, the Final Action Date was June 22, 2022 ("22JUN22"). Plaintiff's priority date of January 11, 2021 was earlier than the applicable Final Action Date of June 22, 2022 at the time of filing.

12. Plaintiff's priority date of January 11, 2021 is earlier than the applicable Final Action Date of July 15, 2021 ("15JUL21") for the EB4 category on the March 2026 visa bulletin. As such, Plaintiff's priority date remains current.

13. More than three years have passed since the filing of the Form I-485. Plaintiff's priority date was current at the time of filing of the I-485 and remains current as of the filing of this Complaint. However, Plaintiff's Form I-485 remains pending without a final decision.

14. The continued delay in adjudicating Plaintiff's Form I-485 has caused and continues to cause concrete hardship, including restrictions on international travel and long-term planning, ongoing uncertainty regarding immigration status and personal opportunities, and significant stress and anxiety.

**CLAIMS FOR RELIEF**

15. Plaintiff has a clear right to have USCIS adjudicate his Form I-485 within a reasonable time.

16. Defendants have a clear, non-discretionary duty to take action on Plaintiff's Form I-485 and to conclude the matter within a reasonable time.

17. Defendants have failed to perform that duty by unreasonably delaying adjudication of Plaintiff's Form I-485.

18. Plaintiff has no other adequate remedy to compel Defendants to act.

19. A writ of mandamus is appropriate to compel Defendants to adjudicate Plaintiff's Form I-485.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Issue a Writ of Mandamus compelling Defendants to promptly adjudicate Plaintiff's pending Form I-485 Application to Register Permanent Residence or Adjust Status

B. Award Plaintiff his reasonable attorneys' fees and costs as permitted by law, including under the Equal Access to Justice Act, 28 U.S.C. § 2412, where applicable; and

C. Grant such other and further relief as the Court deems just and proper.

Dated: March 31, 2026

Respectfully submitted,
Thiago Carlos Miranda.
By his Attorney,

/s/ Brian L. Hurley

Brian L. Hurley, Esq.
Georges Cote LLP
235 Marginal Street,
Chelsea, MA 02150
617-884-1000
BHurley@GeorgesCoteLaw.com